The ESTATE OF Olga HOWLEY, By and Through Joseph HOWLEY, Administrator, Relator,

v.

The Honorable Carol R. HABERMAN, Judge, Respondent.

No. 94–0327.

Supreme Court of Texas.

June 15, 1994.

Melvin A. Krenek, San Antonio, for relator.

Warren N. Weir, Carol Haberman, San Antonio, for respondent.

PER CURIAM.

This original mandamus proceeding arises out of a lawsuit by Rose Mary Guzman against Olga Howley, in which Guzman alleged that she was walking across a street when she was struck by a car driven by Howley. Howley is now deceased, and the administrator of her estate is the relator in this proceeding.

The trial court dismissed the underlying lawsuit for want of prosecution. More than 90 days later, Guzman filed a motion to reinstate, alleging that she had learned of the dismissal only two weeks earlier. The trial court granted Guzman's motion the day it was filed. Howley then moved for summary judgment, partly on the ground that the court had no power to reinstate the case when it did. The trial court granted summary judgment dismissing the suit, but then granted Guzman's motion to reconsider and again reinstated the action.

■ A party who does not have actual knowledge of an order of dismissal within 90 days of the date it is signed cannot move for reinstatement. TEX.R.CIV.P. 306a(4); *Levit v. Adams,* 850 S.W.2d 469 (Tex.1993) (per curiam). Since Guzman did not learn of the dismissal within this period, the order of dismissal for want of prosecution was final, and the trial court had no jurisdiction over the subsequent proceedings. Guzman's only possible recourse is a bill of review.

■ When a trial court erroneously reinstates a case after the expiration of the court's plenary jurisdiction, mandamus will issue. *Emerald Oaks Hotel v. Zardenetta,* 776 S.W.2d 577 (Tex.1989) (per curiam); *Richie v. Heard,* 611 S.W.2d 419 (Tex.1981); *Walker v. Harrison,* 597 S.W.2d 913 (Tex. 1980). Accordingly, a majority of the Court grants relator's motion for leave to file and, without hearing oral argument, conditionally grants the petition for writ of mandamus and directs respondent to vacate its order of January 5, 1994. TEX.R.APP.P. 122. The writ will issue only if respondent does not comply promptly.