In the Matter of the Expunction of J.S.

No. 08–11–00293–CV.

Court of Appeals of Texas,
El Paso.

Jan. 16, 2013.

M. Clara Hernandez, El Paso County Public Defender, Penny Lee Andersen, Assistant Public Defender, El Paso, TX, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, TX, for the State.

Before McCLURE, C.J., RIVERA, and ANTCLIFF, JJ.

## OPINION

GUADALUPE RIVERA, Justice.

Appellant, J.S., appeals the trial court's order modifying his prior order of expunction. Finding that the State failed to establish its entitlement to relief under Rule306a(5) of the Texas Rules of Civil

Procedure, we hold that because its plenary power had expired, the trial court erred by granting the State's motion to modify. TEX. R. CIV. P. 306a. Accordingly, we vacate the trial court's modification order and reinstate the July 28, 2011, expunction order.

## BACKGROUND

In June 2011, Appellant was acquitted by a jury of the offenses of criminal attempted murder and aggravated assault with a deadly weapon. On July 27, 2011, Appellant moved for the expunction of criminal records relating to his arrest and prosecution.[1] The next day, on July 28, 2011, the 171st District Court entered an order expunging all criminal records pertaining to Appellant's arrest and prosecution for those charges. On September 2, 2011, thirty-six days after the trial court's order was signed, the State filed an unverified and unsworn motion to undo the expunction order. On September 8, 2011, the trial court heard the motion to undo the expunction, but did not rule on the motion at that time.[2] The day after the hearing, on September 9, 2011, the State filed a sworn motion to modify the order of expunction.

According to the motion to modify, the State claimed that the District Clerk gave the District Attorney's Office notice of the expunction order on August 29, 2011, which was more than twenty days after the order was signed. *See* TEX. R. CIV. P. 306a(4)-(5). The motion therefore contended that under Rule 306a, the trial court had plenary power to vacate, modify, correct, or reform the expunction order.

*See id.* The trial court heard the motion to modify on September 15, 2011. At the hearing, the State argued that the trial court had plenary power because the State did not receive a copy of the signed order until August 29, 2011. In response, Appellant argued that Rule 306a is a two-fold test, and the State was also required to state in its motion that it did not have actual knowledge of the order prior to August 29, 2011. Finding it had jurisdiction, the trial court granted the motion and modified Appellant's prior expunction order.

In its modification order, the trial court expressly found that: (1) the State did not receive notice of the expunction order within twenty days of the order being signed; (2) the State first received notice of the expunction order on August 29, 2011; and (3) Appellant was still subject to conviction for an offense arising out of the transaction for which he was arrested because the limitations period had not expired and there was reasonable cause to believe the State may proceed against Appellant for the offense. The trial court's order modified its prior expunction order by mandating that the El Paso Police Department, the State, and the Texas Department of Public Safety retain their records and files deemed necessary for investigating and prosecuting Appellant for any offense arising out of the transaction for which he was arrested. This appeal followed.

## DISCUSSION

Appellant raises two issues on appeal. In Issue One, Appellant asserts the trial

1. The certificate of service in the motion states that Appellant's attorney hand-delivered the motion to the District Attorney's Office in El Paso, Texas on July 27, 2011.

2. At the hearing on the State's motion to undo the expunction order, Appellant's legal counsel stated that he could not consent to jurisdiction because the motion was filed after thirty days from the time the expunction order was signed. The State responded that the first time it got notice was on August 29, 2011, when it was asked to send all documents to the court clerk.

court abused its discretion by granting the State's motion to modify the expunction order because the trial court lacked jurisdiction to hear the State's motion after the trial court's plenary power had expired. In Issue Two, Appellant contends that the trial court erred in granting the State's motion to modify because the State failed to meet its burden under Rule 306a. *See* TEX. R. CIV. P. 306a. Because the two issues are related, we consider them together.

### Standard of Review

█ We review the trial court's findings regarding the date a party received notice or actual knowledge of the signing of a judgment under the standards for legal and factual sufficiency of the evidence. *Welborn Mortgage Corp. v. Knowles,* 851 S.W.2d 328, 331–32 (Tex.App.-Dallas 1993, writ denied); *Hot Shot Messenger Serv. v. State,* 798 S.W.2d 413, 414 (Tex.App.-Austin 1990, writ denied). In a bench trial, the judge is the fact finder. *Welborn,* 851 S.W.2d at 332. The judge weighs the evidence and determines the credibility of the witnesses. *Id.*

### RULE 306a MOTION

#### Jurisdiction

█ While the law that governs expunction is part of the Code of Criminal Procedure, an expunction proceeding is a civil proceeding which is governed by the Rules of Civil Procedure. *See Carson v. State,* 65 S.W.3d 774, 784 (Tex.App.-Fort Worth 2001, no pet.). Generally, under the Texas Rules of Civil Procedure, a trial court loses plenary power to vacate, modify, or correct a final judgment thirty days after signing a judgment unless plenary power is extended. TEX. R. CIV. P. 329b(d).

However, an exception exists when a party does not receive notice or actual knowledge of the signed judgment within twenty days after it is signed. *See* TEX. R. CIV. P. 306a(4). Texas Rule of Civil Procedure 306a extends the postjudgment procedural timetables from the date the judgment is signed to the date the party received notice or actual knowledge of the judgment. *Id.* To establish the exception, the party must prove in the trial court, on sworn motion, and notice: (1) the date the party received notice or actual knowledge of the signing; and (2) that this date was more than twenty but less than ninety-one days after the judgment was signed. TEX. R. CIV. P. 306a(5); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.,* 218 S.W.3d 797, 800 (Tex.App.-Fort Worth 2007, no pet.) (party alleging late notice of judgment must establish the date it or its counsel first learned of the judgment). Compliance with the provisions of Rule 306a is a jurisdictional prerequisite. TEX. R. CIV. P. 306a; *Mem'l Hosp. of Galveston County v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987); *Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.-El Paso 1993, no pet.).

█ The purpose of a sworn motion is to establish a *prima facie* case that the party lacked timely notice in order to reinvoke a trial court's jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *Nathan A. Watson Co.,* 218 S.W.3d at 800–01; *Carrera,* 847 S.W.2d at 342. If the movant does not establish the applicability of the rule's exception in the prescribed manner, the trial court lacks jurisdiction to determine the date of notice, and any order doing so is void. *Gillis,* 741 S.W.2d at 365–66; *Grondoma v. Sutton,* 991 S.W.2d 90, 92 (Tex.App.-Austin 1998, pet. denied).

█ We therefore must consider whether the State's motion satisfied the provi-

sions of Rule 306a. *See* TEX. R. CIV. P. 306a. The State does not dispute that its motion to modify did not expressly allege facts negating the "actual knowledge" element. TEX. R. CIV. P. 306a(5). Instead, the State asserts that a liberal and common-sense construction of its motion establishes that the motion was sufficient to put Appellant on notice that the State did not receive notice of the expunction order from any source or any manner until it first received notice from the District Clerk on August 29, 2011. *See* TEX. R. CIV. P. 1. However contrary to the State's assertions, notice and actual knowledge must be negated by both the party and the party's counsel in order to make a *prima facie* showing of lack of timely notice. *See* TEX. R. CIV. P. 306a(4); *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex.App.-San Antonio 1997, orig. proceeding); *see also Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 814 (Tex. App.-Dallas 1994, writ denied) (if movant only establishes when it received notice, Rule 306a motion is insufficient to reinvoke plenary jurisdiction).

Here, the State's motion to modify stated only that "[o]n August 29, 2011, the District of [sic] Clerk ... gave notice of the [o]rder to the District Attorney's Office. This is well beyond the 20 day statutory requirement." The State's motion only addresses notice and makes no reference to when the State or its attorney first acquired actual knowledge of the trial court's expunction order. Moreover, the evidence presented to the trial court at the hearing on the State's motion to modify only addressed notice and was silent as to when the State or its representative first acquired knowledge of the order of expunction. Therefore, neither the State's motion nor the evidence presented at the hearing on the State's motion negated the possibility that the State or its representative acquired actual knowledge within twenty days after the trial court signed Appellant's expunction order. *See City of Laredo*, 943 S.W.2d at 126; *Womack–Humphreys Architects, Inc.*, 886 S.W.2d at 814.

Accordingly, we conclude that the State's motion and proof at the evidentiary hearing failed to meet the requirements of Rule 306a(5) and, as such, the trial court's jurisdiction was not reinvoked. *See City of Laredo*, 943 S.W.2d at 126; *Womack–Humphreys Architects, Inc.*, 886 S.W.2d at 814. Because the State failed to establish the applicability of Rule 306a in the manner prescribed by the rule, the trial court lacked jurisdiction when it entered the September 15, 2011 modification order, and as such, that order is void. *See Gillis*, 741 S.W.2d at 365–66; *Grondoma*, 991 S.W.2d at 92.

■■■ The State argues that this Court should dismiss for lack of jurisdiction because Appellant is complaining of a void order and not merely a voidable one and, Appellant should have filed a writ of mandamus instead of a notice of appeal. We disagree. To be entitled to the extraordinary relief of a writ of mandamus, a relator must show, in part, that he has no adequate remedy by appeal. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex.2008). A party may appeal a void judgment although the party is not required to do so. *B.Z.B. Inc. v. Clark*, 273 S.W.3d 899, 903 (Tex.App.-Houston [14th Dist.] 2008, no pet.). Appellate courts have the power to declare an order void where the trial court signed it after losing plenary power over the case. *Bass v. Bass*, 106 S.W.3d 311, 318 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Here, Appellant timely filed a notice of appeal as required and therefore, we conclude we have jurisdiction to determine whether the modification order at issue is void. *See* TEX. R.

App. P. 26.2(a); *Bass,* 106 S.W.3d at 318. Accordingly, we sustain Issues One and Two.

## CONCLUSION

Having sustained Appellant's issues, we vacate the trial court's September 15, 2011 modification order, and reinstate the July 28, 2011 expunction order.

ANTCLIFF, J., not participating.