# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00715-CV

**The Travis County Attorney, Appellant**

**v.**

**L. C., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. D-1-EX-13-000266, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Travis County Attorney (County Attorney) brings this appeal challenging an order signed by the trial court on October 22, 2013, that granted L.C.'s request in his first amended petition for expunction of criminal records (the October order). In a separate but related appeal, cause number 03-13-00702-CV, *The Travis County Attorney v. L.C.*, the County Attorney challenges an order of expunction in the same case that was signed by the trial court on May 1, 2013 (the May order). By opinion issued this date, we set aside the May order and remand the case to the trial court. Based on the factual background and analysis of that opinion and the following additional factual background and analysis, we vacate the October order.

## BACKGROUND

The trial court's May order granted L.C.'s request for expunction of records and files arising from the felony offense of injury to a child and the misdemeanor offense of interference with

an emergency call.  *See* Tex. Code Crim. Proc. art. 55.02 (setting forth procedures to be followed in expunction proceeding).  Although the County Attorney was not listed in the petition or given notice of a hearing on L.C.'s petition, the County Attorney was included among the named entities, agencies, and officials subject to the May order.

On August 15, 2013, L.C. filed a first amended petition for expunction naming the County Attorney.  In the amended petition, L.C. listed the entities, agencies, and officials who were named in the original petition, and then separately listed other entities, agencies, and officials to be served with notice of the amended petition.  The County Attorney was on the latter list.  In response, the County Attorney filed an answer on September 11, 2013, protesting expunction.  The October order, however, does not include the County Attorney as one of the named officials subject to the order, and there is no transcript of a hearing on the amended petition.[1]

Upon learning of the October order, the County Attorney filed an expedited motion to vacate the order and an affidavit of an Assistant Travis County Attorney.  She averred:

> On October 23, 2013, I became aware that the trial court had signed an order the previous day on the "first amended petition" in this expunction case.  The County Attorney's office had no notice or knowledge that a hearing was to take place on October 22nd.  If I had known of the hearing, I would have appeared in court to contest the granting of expunction as to any entity.

No hearing was held on the County Attorney's expedited motion to vacate and, a few days after filing the motion, the County Attorney filed notice of this appeal.

---

[1] The court reporter advised this Court that she does not have "any notes related to this case."

**ANALYSIS**

Because it is dispositive, we limit our review to part of the County Attorney's first point of error.[2] *See* Tex. R. App. P. 47.1. As part of his first point of error, the County Attorney urges that the October order is void because the trial court's plenary power over the case expired before the trial court signed the October order. L.C. has not filed a responsive brief.

Although the law that governs expunction is part of the Code of Criminal Procedure, an expunction proceeding is a civil proceeding governed by the Rules of Civil Procedure. *In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.) (citing *Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.)). Generally, under the Rules of Civil Procedure, a trial court's plenary power expires 30 days after a judgment or appealable order is signed unless it is extended, such as by a timely filed motion for new trial. *See* Tex. R. Civ. P. 306a(1) (setting date judgment or appealable order signed as beginning of periods for court's plenary power to grant motions for new trial or to vacate, modify, correct, or reform judgment or order), 329b(d) (stating that trial court "has plenary power to grant a new trial or to vacate, modify, correct or reform the

---

[2] As a threshold manner, the County Attorney addresses his standing to challenge the October order even though he is not included among the named agencies, entities, and officials subject to the order. We agree with the County Attorney that he has standing to bring this appeal because he was among the agencies, entities, and officials subject to the May order, he was named in the amended petition, and he filed an answer opposing the amended petition. *See* Tex. Code Crim. Proc. arts. 55.02, § 3(a) (allowing "agency protesting the expunction" to appeal court's decision "in the same manner as in other civil cases"), 55.04, § 1 (making violation of expunction order criminal offense); *see also Ex parte Elliot*, 815 S.W.2d 251, 251–52 (Tex. 1991) (reversal of expunction order encompasses all persons and agencies in possession of relevant criminal records); *In re R.A.*, 417 S.W.3d 569, 580 (Tex. App.—El Paso 2013, no pet.) (concluding that district attorney and county attorney had standing to participate in expunction proceeding and appeal); *City of Fort Worth v. D.T.*, 165 S.W.3d 425, 427–28 (Tex. App.—Fort Worth 2005, no pet.) (discussing standing in context of appeal from denial of motion to set aside expunction order).

judgment within 30 days after the judgment is signed"). Here, the trial court signed the May order on May 1, 2013, and no timely post-judgment motions were filed, so the trial court's plenary power expired 30 days later, months before the trial court signed the October order granting the relief requested in the amended petition for expunction.[3] Thus, we conclude that the October order is void. *See In re J.S.*, 392 S.W.3d at 338 (concluding that order that modified expunction order was void because trial court's plenary power had expired). On this basis, we sustain part of the County Attorney's first point of error and do not reach his additional arguments and points of error.[4]

---

[3] We further conclude that an extension of the trial court's plenary power based on the County Attorney's actual notice or knowledge of the May order is not available. *See* Tex. R. Civ. P. 306a. Rule 306a of the Rules of Civil Procedure allows post-judgment timetables to be extended from the date a judgment is signed to the date a party receives actual notice or knowledge of a judgment or appealable order, but the party must prove on sworn motion the date that the party received notice or actual knowledge and that date must be more than twenty but less than ninety-one days after the judgment was signed. *See id*. R. 306a(4) (allowing periods of plenary power to run from date of actual notice of judgment but "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed"), (5) (requiring sworn motion and notice); *see also Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (citing Rule 306a(4) and noting that party who does not have actual knowledge of order of dismissal within 90 days of date signed cannot move for reinstatement); *In re General Motors Corp.*, 296 S.W.3d 813, 820–21 (Tex. App.—Austin 2009, orig. proceeding) (addressing trial court's plenary power in context of rule 306a); *In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.) (same). According to affidavits in the record and the County Attorney's assertions in his motion to set aside and for new trial that he filed with the trial court in October 2013, the County Attorney became aware of the May order at some point in September 2013, which was more than ninety-one days after the May order was signed.

[4] The County Attorney also urges in his first point of error that the amended petition was not properly before the trial court. In his two other points of error, the County Attorney urges that the evidence is legally insufficient to sustain the judgment of expunction and that the trial court abused its discretion by ordering expunction when the statutory requirement of notice as to the hearing on the amended petition was not satisfied.

**CONCLUSION**

For these reasons and the reasons stated in our opinion issued this same day in cause number 03-13-00702-CV, *The Travis County Attorney v. L.C.*, we vacate the trial court's October order.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Vacated

Filed: May 12, 2015