**IN RE Belinda ESTRADA
a/k/a Belinda Macias**

**NUMBER 13–16–00127–CV**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Delivered and Filed April 5, 2016

Francisco J. Rodriguez, Law Office of Francisco J. Rodriguez, Attorneys At Law, McAllen, TX, for Relator.

J. R.'Bobby' Flores, Hidalgo County Courthouse, Edinburg, TX, for Respondent.

Robert Flores, Law Offices of Robert R. Flores, P.L.L.C, for Real Parties of Interest.

Before Justices Garza, Perkes, and Longoria

## OPINION

Opinion by Justice Garza [1]

On February 24, 2016, relator Belinda Estrada a/k/a Belinda Macias ("Estrada") filed a petition for writ of mandamus contending that the trial court abused its discretion in granting a bill of review.[2] We conditionally grant the petition for writ of mandamus.

### I. BACKGROUND

The underlying litigation arises from a dispute regarding the purchase and sale of real estate. Estrada sold a lot in Edinburg to the real parties in interest, Daniel Hernandez, Alma Veronica Hernandez, and their principal, Abel Avitia Quezada. The real parties allegedly failed to perform their obligations under the contract for sale, and Estrada foreclosed on the property. Real parties subsequently brought suit against Estrada for partition and trespass to try title in cause number C–3396–12–C in the 139th District Court of Hidal-

---

1. *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *Id.* R. 47.4 (distinguishing opinions and memorandum opinions).

2. This original proceeding arises from trial court cause number C–1579–15–C in the 139th District Court of Hidalgo County, Texas. The Honorable Roberto "Bobby" Flores is the respondent. *See* TEX. R. APP. P. 52.2.

go County, Texas, and Estrada filed a counterclaim in that suit seeking to quiet title to the real estate involved in the sale. During the course of the case, Estrada filed a traditional motion for summary judgment. The real parties filed a response to the motion for summary judgment, and the trial court took the motion under advisement. On December 16, 2014, the trial court rendered a final summary judgment in favor of Estrada.

Real parties alleged that they did not receive notice that final judgment had been rendered. By email sent on February 13, 2015, Estrada's counsel provided the real parties with a copy of the final judgment.

On April 16, 2015, real parties filed a petition for bill of review seeking to set aside the judgment in cause number C–1579–15–C in the 139th District Court of Hidalgo County, Texas. Real parties also sought and received injunctive relief. Estrada filed an answer and an amended answer to the petition for bill of review.

The trial court held a non-evidentiary hearing on the petition for bill of review on June 4, 2015. On August 10, 2015, the trial court granted the bill of review, extended the temporary injunction previously rendered in favor of the real parties, vacated the final summary judgment rendered in cause number C–3396–12–C, and ordered the case to be reset for trial on the merits.

This original proceeding ensued. By five issues, Estrada contends: (1) a trial court cannot grant a bill of review premised merely on the argument of counsel; (2) affidavits which are not admitted into evidence cannot support a bill of review; (3) a trial court cannot take judicial notice of the truth of the contents of affidavits; (4) a litigant cannot obtain relief by bill of review when he has not exercised his rights under Texas Rule of Civil Procedure 306a; and (5) a litigant lacks an adequate remedy by appeal from an order granting a bill of review.

This Court requested and received a response to the petition for writ of mandamus from the real parties in interest. The real parties filed numerous "objections" to the petition for writ of mandamus on grounds that "it is not in proper form and deliberately omits documents material to [r]elator's claim for mandamus relief." The real parties contend generally that (1) the trial court did not abuse its discretion in granting the bill of review, and (2) Estrada possessed an adequate remedy by appeal but did not utilize it because she could have filed an appeal from the order granting the bill of review. The real parties request "just damages" if we find this original proceeding to be frivolous.

By reply, Estrada contends, inter alia, that the granting of a bill of review is not an immediately appealable order; that real parties improperly utilize the "old mandamus harm test"; that real parties have failed to point out any evidence supporting the trial court's order; and that Estrada properly presented her contention to the trial court that Rule 306a controlled. Estrada also requests that the real parties be sanctioned for their "frivolous" request for sanctions.

## II. STANDARD OF REVIEW

Mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex.2004) (orig.proceeding). "Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex.2012) (orig.proceeding); *see In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887

(Tex.2010) (orig.proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. Mandamus will not issue "when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex.2006) (orig.proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36). Stated otherwise, mandamus should not issue to correct grievances that may be addressed by other remedies. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex.2009) (orig.proceeding); *Walker*, 827 S.W.2d at 840.

The parties in this case vigorously dispute whether or not an erroneously granted bill of review is subject to mandamus review. By her fifth issue, which we take out of turn, Estrada contends that she lacks an adequate remedy by appeal and the improper granting of a bill of review merits mandamus relief:

> If the bill of review is improperly granted, taxpayers, the court system, and the parties themselves will suffer a meaningless trial, only to have the results set aside on appeal. Such pleadings, motions, discovery, jury selection, evidence, trial and eventual judgment amount to a clear waste of judicial resources, causing the loss of rights, rendering mandamus proper.

In contrast, real parties allege that Estrada has an adequate remedy by appeal either from the trial court's order granting the bill of review or by appeal from the final judgment in the case.

An order granting a bill of review is not subject to interlocutory appeal, but may instead be reviewed on appeal from a final judgment. It is a well-established rule in Texas that if a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is interlocutory in nature and not a final judgment from which an appeal will lie. See *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex.1990) (per curiam); *Shahbaz v. Feizy Import & Export Co.*, 827 S.W.2d 63, 64 (Tex.App.–Houston [1st Dist.] 1992, no writ). Stated otherwise, a court lacks jurisdiction to hear an appeal of an order setting aside a previous judgment by bill of review but not disposing of the case on the merits. See *Jordan v. Jordan*, 907 S.W.2d 471, 471 (Tex.1995) (per curiam). The order at issue in this case does not dispose of the entire case and is thus interlocutory, so no appeal lies from the order. See *Tesoro Petroleum*, 796 S.W.2d at 705.

The courts of appeal are split on whether or not mandamus will lie to review the interlocutory granting of a bill of review. Some courts have held that mandamus is available to review an order granting a bill of review. *See, e.g., In re J.M. IV*, 373 S.W.3d 725, 728 (Tex.App.–San Antonio 2012; orig. proceeding); *In re Pollo Gordo, Inc.*, 373 S.W.3d 107, 109–10 (Tex.App.–San Antonio 2012, orig. proceeding); *In re Spiller*, 303 S.W.3d 426, 431 (Tex.App.–Waco 2010, orig. proceeding); *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 877 (Tex.App.–San Antonio 1998, orig. proceeding); *Schnitzius v. Koons*, 813 S.W.2d 213, 218 (Tex.App.–Dallas 1991, orig. proceeding); *see also In re Epps*, No. 07–14–00420–CV, 2014 WL 7448497, at *1 (Tex.App.–Amarillo Dec. 31, 2014, orig. proceeding) (mem. op.); *In re Botello*, No. 04–08–

00562–CV, 2008 WL 5050437, at *1 (Tex. App.–San Antonio Nov. 26, 2008, orig. proceeding) (mem.op.); *In re Attorney Gen. of Tex.*, No. 04–00–00672–CV, 2001 WL 8547, at *1 (Tex.App.–San Antonio Jan. 3, 2001, orig. proceeding).

Other courts, including this Court, have held that mandamus does not lie and relief must be obtained on review from the final judgment. *See, e.g., In re Moreno*, 4 S.W.3d 278, 281 (Tex.App.–Houston [14th Dist.] 1999, orig. proceeding); *Tex. Mex. Ry. Co. v. Hunter*, 726 S.W.2d 616, 617–18 (Tex.App.–Corpus Christi 1987, orig. proceeding); *see also Patrick O'Connor & Assocs., L.P. v. Wang Inv. Networks, Inc.*, No. 01–12–00615–CV, 2013 WL 1451358, at *2 (Tex.App.–Houston [1st Dist.] Apr. 9, 2013, orig. proceeding [mand. denied]) (mem. op.); *Stettner v. Apollo Paint & Body Shop, Inc.*, Nos. 01–02–00667–CV & 01–02–00204–CV, 2002 WL 1586282, at *1 (Tex.App.–Houston [1st Dist.] July 18, 2002) (combined appeal & orig. proceeding) (order); *Ott v. Files*, No. 03–00–00612–CV, 2000 WL 1675737, at *1 (Tex.App.–Austin Nov. 9, 2000, no pet.) (per curiam) (not designated for publication). The First District Court of Appeals has recognized an exception to this general rule in the context of paternity suits. *In re Office of Attorney Gen.*, 276 S.W.3d 611, 621 (Tex.App.–Houston [1st Dist.] 2008, orig. proceeding).[3]

In examining the availability of mandamus review, we note that the standard of review for the adequacy of a remedy by appeal has evolved since the majority of these opinions were decided. In a seminal opinion issued in 2004, the Texas Supreme Court revisited and restated the principles pertaining to mandamus review. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–38. The supreme court adopted a "practical and prudential" analysis that balances the benefits and detriments of mandamus review. *Id.* at 136. It held that the determination of whether a relator has an adequate remedy by appeal is not susceptible to rigid rules or formulas; rather, courts must consider a range of both public and private interests in determining whether the benefits of mandamus review outweigh the detriments. *Id.* The court held that:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.*

The "principles announced in *Prudential* generally expand[ed] mandamus availability." *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 867 (Tex.App.–Texarkana 2013, orig. proceeding) (citing Richard E.

**3.** Citing *In re Texas Department of Transportation*, No. 13–02–652–CV, 2003 WL 255941, at *1 (Tex.App.–Corpus Christi Feb. 6, 2003, orig. proceeding) (mem. op.), Estrada asserts that this Court held, "without citing its decision" in *Texas Mexican Railway*, that "a trial court's granting of a writ of a mandamus could be utilized to set aside an order granting a bill of review." Estrada asserts that "situations like this ... cause attorneys to wonder whether appellate decisions are rendered on an ad hoc basis." Estrada's comments are premised on a faulty understanding of the cited cases. In our 2003 opinion, we held that the "motion for bill of review" in that case "cannot be considered as a bill of review" and "fails to qualify as a bill of review." *See id.* Thus, we held that the trial court's order "is a void order granting a new trial," not an order granting a bill of review. *Id.* at *2.

Flint, *The Evolving Standard For Granting Mandamus Relief In The Texas Supreme Court: One More "Mile Marker Down The Road Of No Return,"* 39 St. Mary's L.J. 3 (2007) ("This change has not only muddied the waters concerning when mandamus will lie, but has also expanded the Texas Supreme Court's discretionary jurisdictional supervisory authority. . . ."); Sinead O'Carroll, *Has the Supreme Court of Texas Altered What It Means to Have "No Adequate Remedy by Appeal" and Other Questions Raised by the Court's Recent Opinions: In Re Prudential and In Re AIU,* 17 App. Advoc. 11, 14 (Spring 2005) ("In *In re Prudential,* the Court contends that it must make mandamus more available to preserve its own judicial resources. . . .")).

Since *Prudential,* the supreme court has consistently emphasized that mandamus relief is appropriate "to spare the parties and the public the time and money spent on fatally flawed proceedings." *In re Essex Ins. Co.,* 450 S.W.3d 524, 528 (Tex. 2014) (orig.proceeding) (concluding that appeal provided an inadequate remedy for the trial court's refusal to dismiss an injured worker's claim for declaratory judgment regarding insurance coverage in a personal injury action in "light of the conflict of interest and prejudice that we have noted"); *see, e.g., In re State,* 355 S.W.3d 611, 615 (Tex.2011) (orig.proceeding) (collecting cases) ("Requiring eight separate suits here, when only one is proper, would be a clear waste of the resources of the State, the landowners, and the court."); *In re McAllen Med. Ctr.,* 275 S.W.3d 458, 465 (Tex.2008) (orig.proceeding) ("The most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved.").

Recently, the supreme court considered the availability of mandamus when "a trial court abuse[d] its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." *In re Conner,* 458 S.W.3d 532, 535 (Tex.2015) (orig.proceeding) (per curiam). In examining the adequacy of a remedy by appeal, the supreme court reasoned that:

A defendant should not be required to incur the delay and expense of appeal to complain of delay in the trial court. To deny relief by mandamus permits the very delay dismissal is intended to prevent. In addition, the danger that a trial will be hampered by stale evidence and lost or clouded memories is particularly distinct after the delay in this case.

*Id.* (citing *So. Pac. Transp. Co. v. Stoot,* 530 S.W.2d 930, 931 (Tex.1975) ("[P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination.")). Thus, the supreme court held that a trial court's erroneous refusal to dismiss a case for want of prosecution "cannot effectively be challenged on appeal." *Id.*

In 1987, this Court held, without the benefit of the foregoing precedent, that the remedy for an improvidently granted bill of review "is by appeal from the entire reinstated cause, when that judgment becomes appealable." *Tex. Mex. Ry. Co.,* 726 S.W.2d at 618. Generally, we are bound by our prior holding absent an intervening change in the law from a higher court, the legislature, or this Court sitting en banc. *See generally Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.,* 309 S.W.3d 619, 630 (Tex. App.–Houston [14th Dist.] 2010, no pet.); *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.,* 260 S.W.3d 561, 566 (Tex.App.–Dallas 2008, no pet.); *see also Ayeni v. State,* 440 S.W.3d

707, 717 (Tex.App.–Austin 2013, no pet.) (Pemberton, J., concurring). We conclude that the foregoing authority and analysis from the Texas Supreme Court regarding the adequacy of a remedy by appeal constitutes an intervening change in the law that is applicable to this case.

■ Based on the recent supreme court authority discussed in this opinion, and considering that mandamus review "depends heavily on the circumstances presented and is better guided by general principles than by simple rules," we conclude that mandamus may be available to review an order granting a bill of review. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137. Accordingly, we proceed with our review of the issues presented in this original proceeding.

## III. APPLICABLE LAW

■ A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments. *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex.2012); *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). To obtain an equitable bill of review, a petitioner must generally plead and prove: (1) a meritorious claim or defense to the judgment; (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act; (3) unmixed with any fault or negligence on the petitioner's own part. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex.

2015); *King Ranch, Inc.*, 118 S.W.3d at 752; *Alexander*, 226 S.W.2d at 998.

■ A bill of review is proper "where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available" and where, "through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense." *King Ranch, Inc.*, 118 S.W.3d at 751; *see Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998); *Baker*, 582 S.W.2d at 408. If legal remedies were available but ignored by a bill of review plaintiff, relief by equitable bill of review is not available. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex.1999); *Caldwell*, 975 S.W.2d at 537. This rule applies even if the failure to pursue all legal remedies results from the negligence or mistake of a party's attorney. *Gracey v. West*, 422 S.W.2d 913, 916 (Tex.1968); *Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex.App.–Dallas 2001, pet. denied).

## IV. ANALYSIS

■ By four of Estrada's issues, she contends: (1) a trial court cannot grant a bill of review premised merely on the argument of counsel; (2) affidavits which are not admitted into evidence cannot support a bill of review; (3) a trial court cannot take judicial notice of the truth of the contents of affidavits; and (4) a litigant cannot obtain relief by bill of review when he has not exercised his rights under Texas Rule of Civil Procedure 306a. We begin our analysis with Estrada's fourth issue because it is a threshold matter regarding bill of review relief and is dispositive of the merits.

As stated previously, the summary judgment at issue in the underlying proceeding was signed on December 16, 2014. The

trial court's order granting the bill of review states that "[real parties] may not have received notice of the judgment until February 13, 2015." The trial court further concluded that Texas Rule of Appellate Procedure 26 "clearly does not apply in the instant case," and the real parties' application for a bill of review "was the proper equitable remedy." The trial court also stated: "That [real parties] did not first file a motion for new trial or an appeal is moot in the instant case and [does] not apply."

 A trial court retains plenary jurisdiction for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d)-(f); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex.2000). During this period of time, the trial court's plenary jurisdiction may be extended by the timely filing of an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e),(g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. In any event, the court's plenary power may not be extended more than 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. A judgment or order rendered after plenary power has expired is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex.2008) (orig.proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig.proceeding); *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973) (orig.proceeding).

 The clerk of the trial court is directed to send notice to all parties or their attorneys of record advising them that a judgment was signed. *See* TEX. R. CIV. P. 306a(3). However, if an adversely affected party does not receive notice from the clerk or acquire actual knowledge of the judgment, the time period to file a post-judgment motion under Rule 329b begins on the date the party receives notice or acquires actual knowledge of the judgment. See *id.* R. 306a(4). To establish the exception, the party must prove in the trial court, on sworn motion and notice: (1) the date the party received notice or actual knowledge of the signing; and (2) that this date was more than twenty but less than ninety-one days after the judgment was signed. *See id.* R. 306a(5); TEX. R. APP. P. 4.2(a)(1); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex.1994); *In re J.S.*, 392 S.W.3d 334, 337 (Tex.App.–El Paso 2013, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex.App.–Fort Worth 2007, no pet.). The purpose of a sworn motion is to establish a prima facie case that the party lacked timely notice in order to reinvoke a trial court's jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *In re J.S.*, 392 S.W.3d at 337; *Nathan A. Watson Co.*, 218 S.W.3d at 800–01; *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex.App.–El Paso 1993, no writ). Compliance with the provisions of Rule 306a(5) is a jurisdictional prerequisite to extending the time to file post-judgment motions. *Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987); *In re J.S.*, 392 S.W.3d at 337; *Carrera*, 847 S.W.2d at 342. Rule 306a expressly provides that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a(4). Thus, a party who does not have actual knowledge of an order within 90 days of the date it is signed cannot move for reinstatement of the underlying case. *Estate of Howley*, 878 S.W.2d at 140.

In this case, real parties allege that they did not receive notice of the summary

judgment until February 13, 2015. The judgment granting the bill of review states that "there are genuine issues of material fact that [real parties] may not have received notice of the [summary] judgment until February 13, 2015." Thus, real parties learned of the summary judgment, at the latest, fifty-nine days after its rendition. Because real parties learned of the judgment more than twenty but less than ninety-one days after the judgment was signed, Rule 306a was available to extend the time to file a motion for new trial or other post-judgment motion. *See id.* R. 306a(5); *Estate of Howley,* 878 S.W.2d at 140; *In re J.S.,* 392 S.W.3d at 337. Real parties nevertheless did not attempt to utilize rule 306a to extend the time for filing a motion to reinstate or motion for new trial once they received notice of the judgment. *See Id.* R. 306(1),(4),(5). Accordingly, real parties were not entitled to relief by bill of review because they failed to exercise due diligence in pursuing their available legal remedies following the final judgment. See *Steward v. Steward,* 734 S.W.2d 432, 434, 435–36 (Tex.App.–Fort Worth 1987, no writ) (holding that a bill of review was improperly granted where the petitioner received notice of a default judgment on the thirty-fourth day following judgment and failed to file a motion for new trial under the extensions contemplated by Rule 306a); *see also Martinez v. Martinez,* No. 13–11–00542–CV, 2013 WL 593841, at *4 (Tex.App.–Corpus Christi Feb. 14, 2013, pet. denied) (mem. op.) (affirming the denial of a bill of review where the petitioner "had actual knowledge of the signing" and "sufficient time to file a rule 306a(5) motion before the deadline" because the "failure to pursue adequate legal remedies, despite possessing knowledge that a final decree was signed, shows that his defense was not unmixed with any fault or negligence on his own part"); *Binnie v. Coyle,* No. 13–09–00227–CV, 2010 WL

4812995, at *7 (Tex.App.–Corpus Christi Nov. 23, 2010, no pet.) (mem. op.) (upholding the denial of a bill of review because the applicant "could have filed a rule 306(a)(5) motion to extend the deadlines to seek relief" but did not, and thus the applicant "has failed to produce evidence that her failure to file postjudgment motions or an appeal was unmixed with any fault or negligence of her own"); *Moseley v. Omega OB-GYN Assocs. of S. Arlington,* No. 02–06–00291–CV, 2008 WL 2510638, at *2 (Tex.App.–Fort Worth June 19, 2008, pet. denied) (mem. op.) (rendering judgment denying a bill of review where the petitioner failed to utilize Rule 306a and instead filed a bill of review); *Smalling v. Smalling,* Nos. 01–97–00246–CV & 01–98–00691–CV, 1998 WL 394349, at *2 (Tex.App.–Houston [1st Dist.] July 16, 1998, no pet.) (mem. op.) (holding that a bill of review was unavailable where the petitioner had actual notice of a default judgment between twenty-one and ninety days of the judgment but failed to utilize Rule 306a). Accordingly, the trial court erred in granting the bill of review. We sustain Estrada's fourth issue and need not address her first three issues. *See* Tex. R. App. P. 47.1, 47.4.

## V. Adequacy of Remedy by Appeal

We turn to Estrada's fifth issue in which she contends that she lacks an adequate remedy by appeal. As stated previously, we consider whether the benefits of mandamus review outweigh the detriments considering the specific facts and circumstances presented in this case. *See In re Prudential Ins. Co. of Am.,* 148 S.W.3d at 135–38. Because the bill of review was improperly granted, mandamus review would prevent the time and money spent on allowing fatally flawed proceedings to proceed through trial and appeal. *See In re Essex Ins. Co.,* 450 S.W.3d at 528. The

act of proceeding to trial based on an improperly granted bill of review defeats the fundamental public policy favoring the finality of judgments. *See Mabon Ltd.*, 369 S.W.3d at 812; *Alexander*, 226 S.W.2d at 998. Further, the nature of the underlying proceeding as a bill of review brought after the deadline for regular review by appeal invokes the concern that a trial in this case may be hampered by stale evidence and lost or clouded memories. *See In re Conner*, 458 S.W.3d at 535; *So. Pac. Transp. Co.*, 530 S.W.2d at 931. In this regard, we note that the underlying case was filed almost three and a half years ago. Finally, Estrada asserts that the real parties failed to use due diligence in pursuing available their legal remedies to set aside the summary judgment, which is a threshold requirement for obtaining equitable relief by bill of review. We consider that a threshold issue such as diligence presents a more compelling case for mandamus review than does a substantive ruling on the merits of the petition for bill of review.

Considering the particular facts and circumstances of this case, and eschewing a "rigid rule" that is "inconsistent with the flexibility" of mandamus review, we conclude that Estrada lacks an adequate remedy by appeal. *See, e.g., In re Reece*, 341 S.W.3d 360, 374 (Tex.2011) (orig.proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). We sustain Estrada's fifth issue.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Estrada has met her burden to obtain mandamus relief. Therefore, we conditionally grant the petition for writ of mandamus. We direct the trial court (1) to vacate its August 10, 2015 order granting the bill of review, extending the temporary injunction, and vacating the summary judgment rendered in trial court cause number C–3396–12–C, and (2) to deny the bill of review. The writ will issue only in the event the trial court fails to comply.

As a final matter, the parties to this original proceeding have requested sanctions against each other based on allegedly frivolous and bad faith pleadings. Rule 52.11 provides that a court may impose just sanctions on a party or attorney who is not acting in good faith as indicated by, among other things: (1) filing a petition that is clearly groundless; (2) grossly misstating or omitting obviously important and material facts in the petition; or (3) filing an appendix that is clearly misleading due to the omission of important and material evidence or documents. *See* TEX. R. APP. P. 52.11. When deciding a motion for sanctions, we exercise the discretion afforded by Rule 52.11 with prudence and caution and only after careful deliberation. *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 861 (Tex.App.–Houston [14th Dist.] 2014, no pet.) (combined appeal & orig. proceeding); *In re Lerma*, 144 S.W.3d 21, 26 (Tex.App.–El Paso 2004, orig. proceeding). We have carefully considered the requests for sanctions, and while we agree that the briefing and conduct in this case could be improved, we will exercise our discretion by declining to impose sanctions. Accordingly, we deny the requests for sanctions and all other relief sought in this original proceeding.