

**NUMBER 13-20-00179-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**VINCENT KRUSSOW,**                                                        **Appellant,**

**v.**

**ELENA EMILY LUCIO GARCIA, ET AL,**                              **Appellees.**

---

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Hinojosa**

This cause is before the Court on its own motion. We must sua sponte consider whether appellant Vincent Krussow untimely perfected his appeal to this Court, an issue which affects our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *Allstate Ins. Co. v. Barne*t, 589 S.W.3d 313, 317 (Tex. App.—El Paso 2019, no pet.). After due consideration, we dismiss the appeal as untimely.

## I. BACKGROUND

Appellant attempted to perfect an appeal from a judgment entered by County Court at Law No 1 of Nueces County, Texas, in cause 10-61405-00-0-1. Judgment dismissing appellant's case for want of prosecution was signed February 28, 2019; however, the notice of dismissal was not issued by the district clerk until April 2, 2019. Proceeding pro se, appellant filed a notice of appeal on April 7, 2020.

On August 7, 2020, the Clerk of the Court notified appellant that it appeared his appeal was not timely perfected and requested correction of the defect within ten days. *See* TEX. R. APP. P. 42.3. The Clerk advised appellant the appeal would be dismissed if the defect remain uncured. Appellant thereafter filed motions seeking appointment of an attorney and preparation of the appellate record. Appellant also filed motions requesting we allow the appeal to proceed and for leave to file the notice of appeal. We abated and remanded the case to the trial court for consideration of matters pertaining to the appointment of an attorney and preparation of the record, and based on representations made in appellant's motions, granted appellant's requests for leave to file the notice of appeal and to allow the appeal to proceed. Appellant alleged, in sum, he was not timely provided with notice of the trial court's judgment from the district clerk or his counsel.

## II. APPLICABLE LAW

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due

within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. R. 26.1(a); Tex. R. Civ. P. 296, 329b(a),(g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time. *See* Tex. R. App. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day extension period provided by Rule 26.3. *See id*. R. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (discussing the former appellate rules); *Baker*, 534 S.W.3d at 684–85; *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). Although a motion for extension of time is necessarily implied, the appellant must still provide a reasonable explanation for failing to file the notice of appeal timely. *See* Tex. R. App. P. 10.5(b)(1)(C), (2)(A); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Felt v. Comerica Bank,* 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation for failing to timely file the notice of appeal. *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (per curiam); *Baker*, 534 S.W.3d at 685. But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate

court's jurisdiction." *Verburgt*, 959 S.W.2d at 617; *see Kinnard v. Carnahan*, 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.). Stated otherwise, we may not "alter the time for perfecting an appeal beyond the period" authorized by the appellate rules. *Verburgt*, 959 S.W.2d at 617.

Texas Rule of Civil Procedure 306a(3) requires the clerk of the court to provide notice regarding the entry of judgments or appealable orders. *See* TEX. R. CIV. P. 306a(3). The rule states, in relevant part:

> When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

*Id.* Paragraph (1), as referenced in the rule, provides that the deadline for filing post judgment motions, such as a motion for new trial or motion to reinstate a case, begins to run on the date the judgment is signed. *See id.* R. 306a(1). Paragraph (4) addresses what happens when a party does not immediately receive notice of a judgment, as appellant alleges happened here. *See id.* R. 306a(4). It provides that, when more than twenty days have passed between the date that the trial court signs the judgment or appealable order and the date that a party receives notice or acquires actual knowledge of the signing, the periods referenced in paragraph (1) will begin on the date the party received notice or acquired actual knowledge of the signing, whichever is earlier, but in no event will the period begin more than ninety days after the judgment was signed. *Id.*; *see Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.); *see also John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (per curiam).

4

To obtain an extension of post judgment deadlines under Rule 306a(4), the party must prove in the trial court, on sworn motion and notice: (1) the date the party or her attorney first either received a notice of the judgment or acquired actual knowledge of the signing; and (2) that this date was more than twenty but fewer than ninety-one days after the judgment was signed. *See* TEX. R. CIV. P. 306a(4),(5); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (per curiam); *In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). The purpose of a sworn motion is to establish a prima facie case of lack of timely notice, thereby invoking the trial court's otherwise-expired jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or the party's counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d at 685; *Jarrell v. Bergdorf*, 580 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re Estrada*, 492 S.W.3d 42, 50 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding); *In re J.S.*, 392 S.W.3d at 337.

### III. ANALYSIS

The judgment subject to appeal was signed on February 28, 2019. Appellant did not file his notice of appeal until April 7, 2020, more than a year later. The appeal was not filed timely under the appellate rules. *See* TEX. R. APP. P. 26.1. Appellant alleges that he did not receive notice of the judgment until "on or about March 25, 2020." However, that date does not fall within the parameters of Rule 306a insofar as it is greater than the ninety-day period allotted by the rule, and accordingly, Rule 306a may not be utilized to extend the deadline for filing the notice of appeal. *See* TEX. R. CIV. P. 306a(4),(5); *Estate*

*of Howley*, 878 S.W.2d at 140; *In re J.S.*, 392 S.W.3d at 337. The notice of appeal was late, and we lack the power to consider it timely filed. *See* TEX. R. APP. P. 2.

## IV. CONCLUSION

The Court, having examined and fully considered the appellant's pleadings, the clerk's record, and the applicable law, is of the opinion that the notice of appeal was untimely and we lack jurisdiction over the appeal. Accordingly, we REINSTATE this appeal. We VACATE the October 19, 2020 rulings issued by this Court which granted appellant's motion to allow the appeal to continue and appellant's motion for leave to file the notice of appeal. We instead DENY appellant's motion to allow the appeal to continue and appellant's motion for leave to file the notice of appeal. We further DENY appellant's motion for leave to file an extension of time. We DISMISS the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Accordingly, all other pending motions not addressed in this opinion are DISMISSED AS MOOT.

LETICIA HINOJOSA
Justice


Delivered and filed the
10th day of December, 2020.

6