

# NUMBER 13-23-00301-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROY J. ELIZONDO, III,                                                                                      Appellant,

v.

ANDREW SMALLBONE,                                                                                      Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

This cause is before the Court on its own motion. We must sua sponte consider whether appellant Roy J. Elizondo, III untimely perfected his appeal to this Court, an issue which affects our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex.

2018); *Allstate Ins. Co. v. Barnet*, 589 S.W.3d 313, 317 (Tex. App.—El Paso 2019, no pet.). After due consideration, we dismiss the appeal for lack of jurisidcition.

## I. BACKGROUND

Appellant attempted to perfect an appeal from a judgment entered by the 148th District Court of Nueces County, Texas, in cause number 2023DCV-0482-E. The judgment dismissing appellant's case under the Civil Practices and Remedies Code Section 27, otherwise known as the Texas Citizens' Participation Act, was signed on April 27, 2023. Appellant filed a notice of appeal on July 3, 2023.

On June 29, 2023, pursuant to Texas Rule of Civil Procedure 306(a)(4), appellant filed a sworn motion with the trial court asking it to make a finding and issue an order stating that he was not served with the judgment until June 23, 2023. On August 10, 2023, the trial court issued an order denying plaintiff's motion.

Furthermore, on July 13, 2023, the Clerk of the Court notified appellant that it appeared that his appeal had not been timely perfected and requested correction of the defect within ten days. *See* TEX. R. APP. P. 42.3. The Clerk advised appellant that the appeal would be dismissed if the defect was not cured.

## II. APPLICABLE LAW

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010)(orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due

2

within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); TEX. R. CIV. P. 296, 329b(a),(g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Texas Rule of Civil Procedure 306a(3) requires the clerk of the court to provide notice regarding the entry of judgments or appealable orders. *See* TEX. R. CIV. P. 306a(3). The rule states, in relevant part:

> When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

*Id.* Paragraph (1), as referenced in the rule, provides that the deadline for filing post judgment motions, such as a motion for new trial or motion to reinstate a case, begins to run on the date the judgment is signed. *See* TEX. R. CIV. PRO. 306(a). Paragraph (4) addresses what happens when a party does not immediately receive notice of a judgment, as appellant alleges happened here. *See id.* R. 306a(4). It provides that, when more than twenty days have passed between the date that the trial court signs the judgment or appealable order and the date that a party receives notice or acquires actual knowledge of the signing, the periods referenced in paragraph (1) will begin on the date the party received notice or acquired actual knowledge of the signing, whichever is earlier,

3

but in no event will the period begin more than ninety days after the judgment was signed. *Id.*; *see Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.); *see also John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (per curiam).

To obtain an extension of post judgment deadlines under Rule 306a(4), the party must prove in the trial court, on sworn motion and notice: (1) the date the party or her attorney first either received a notice of the judgment or acquired actual knowledge of the signing; and (2) that this date was more than twenty but fewer than ninety-one days after the judgment was signed. *See* TEX. R. CIV. P. 306a(4),(5); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (per curiam); *In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). The purpose of a sworn motion is to establish a prima facie case of lack of timely notice, thereby invoking the trial court's otherwise-expired jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or the party's counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d at 685; *Jarrell v. Bergdorf*, 580 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re Estrada*, 492 S.W.3d 42, 50 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding); *In re J.S.*, 392 S.W.3d at 337.

### III.   ANALYSIS

The judgment subject to appeal was signed on April 27, 2023. Appellant did not file his notice of appeal until July 2, 2023. Since the trial court issued an order denying

appellant's Rule 306a motion, the appellate timeline began the date the judgment was originally signed. Therefore, the appeal was not filed timely under the appellate rules, and we lack the power to consider it timely filed. *See* TEX. R. APP. P. 2 and 26.1. Furthermore, appellant failed to correct the defect and has otherwise not responded to the notices from the clerk requiring a response or other action within the time specified. *See id.* R. 42.3(a), (b), and (c).

## IV. CONCLUSION

The Court, having examined and fully considered the appellant's pleadings and the applicable law, is of the opinion that the notice of appeal was untimely, and we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See id.* R.42.3(a).

NORA L. LONGORIA
Justice

Delivered and filed on the
29th day of August, 2023.

5