Pat A. BOOTHE, Sterling Price Boothe, and Michael George Malone, Appellants,

v.

Elizabeth H. GREEN, Frank F. Henderson Jr., Weldon W. Dietze, John F. Dietze Jr., Caroline D. Bradford, Christin N. Dietze, and Alexis E. Dietze, Appellees.

NUMBER 13-15-00267-CV

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed the June 22, 2017

Hon. Frank E. Weathered, Hon. John C. Heymann, Hon. Kevin F. Mickits, Corpus Christi, for Appellant.

Hon. Frank F. Henderson Jr., Victoria, Hon. John Milano, Jr., Richardson, Hon. Patrick A. Cullen, Victoria, for Appellee.

Before Chief Justice Valdez and Justices Rodriguez and Hinojosa

**OPINION**

Opinion by Chief Justice Valdez

By three issues, appellants Pat A. Boothe, Sterling Price Boothe, and Michael George Malone appeal a summary judgment rendered in favor of appellees Elizabeth H. Green, Frank F. Henderson Jr., Caroline D. Bradford, Christin N. Dietze, and Alexis E. Dietze and the trial court's denial of their summary judgment. We reverse and render.

## I. Background

Cora McCrabb, John McCrabb, and Mary Atkinson owned equal undivided fee interests in 1,448.50 acres of farm and pasture land. In 1924, Cora executed her last will and testament, which stated, in pertinent part, the following:

II. All of the acreage property, to-wit, farm lands, and pasture lands owned by me at the time of my death, and wheresoever situated, I do give unto my three grand-children, Jessie McCrabb, J.F. McCrabb, and Mary Lee McCrabb, being children of my son, John McCrabb, said property to go and vest in said three children, share and share alike, and shall be held by them in fee simple and forever.

III. Subject to the terms of Paragraph Two hereof, all of the rest and residue of my estate, including any and all personal property and my home in Cuero, and my old home in Thomastown, and including any stocks, bonds, and notes, and my personal jewelry and including any land owned by me in any city or town; in fact, including all property of every kind, save and except pasture and farm acreage property, I do give to my granddaughter, Jessie McCrabb, to be held, owned, and enjoyed by her in fee simple and forever.

Subsequently, in 1927, Cora, John, and Atkinson sold the 1,448.50 acres in fee simple to J.L. Dubose; Dubose simultaneously conveyed to Cora, John, and Atkinson in equal shares an undivided one-half interest in the oil, gas, and minerals in, under, and that may be produced from the 1,448.50 acres. Cora died in 1929.

In 2013, appellants, who are heirs to J.F. and Mary, filed a petition for a declaration from the trial court that the undivided mineral interest in the 1,448.50 acres owned by Cora upon her death passed equally to Jessie, J.F., and Mary Lee by virtue of Cora's last will and testament paragraph II. Appellees, who are heirs to Jessie, filed a counterclaim for trespass to try title claiming that at "[a]ll times mentioned, [appellees] were and are the owners in fee simple of this severed mineral interest located in Dewitt County, Texas" by the devise in Cora's will by virtue of the residuary clause. Appellees also asserted a claim for money had and received against appellants. Appellees and appellants filed traditional partial motions for summary judgment, each arguing that Cora's will gave them an interest in the mineral estate. The trial court granted appellees' motion and denied appellants' motion. The

trial court also granted appellees' subsequent traditional partial motion for summary judgment, making the judgment final for purposes of appeal.

## II. STANDARD OF REVIEW

In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a; *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When both sides move for summary judgment and one is granted and the other denied, we determine all questions presented and render the judgment the trial court should have rendered. *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 583 (Tex. 2002).

## III. DISCUSSION

■ By their first and second issues, appellants contend that Cora's 1924 last will and testament "specifically bequeathed the subject land to her three grandchildren" Jessie, J.F., and Mary Lee. Appellees counter that the doctrine of ademption applies because Cora no longer owned the 1448.50 acres of pasture and farm land and merely owned a mineral interest in the land.

Appellants argue, however, that ademption by alienation operates pro tanto. *See* *Rogers v. Carter*, 385 S.W.2d 563, 565 (Tex. Civ. App.—San Antonio 1964, writ. ref'd) (stating "it is also well settled that the doctrine of ademption by [alienation] operates pro tanto only, so that, where but part of the legacy has been alienated, the remainder passes to the legatees.' "). They claim that because Dubose conveyed the mineral interest to Cora, only part of the legacy was alienated and the remainder, the mineral interests, should pass to them under paragraph II of Cora's will.

■ Ademption occurs when a specific bequest no longer exists because it either has disappeared from the testator's estate or has been disposed of by the testator during the testator's lifetime. *Shriner's Hosp. for Crippled Children v. Stahl*, 610 S.W.2d 147, 148 (Tex. 1980). The sale or removal of a specific bequest from the estate adeems the devise or bequest unless the testator specifically provides otherwise in the will. *Id.* at 150. Only the estate possessed by a testator at the time of the testator's death passes through the will. *Id.* When the testator sells realty devised in a will prior to her death, the beneficiaries of the realty are not entitled to the proceeds of the sale; instead, unless otherwise expressed in the will, the proceeds pass under the residuary clause. *Id.* at 150–52.

In *Rogers*, the San Antonio Court of Appeals clarified that to avoid ademption the testator must still own the same quantity and estate. *Rogers*, 385 S.W.2d at 565. However, recognizing that the doctrine of ademption "operates pro tanto only," the court held that the devise of property was adeemed only in part when the testator disposed of his interest in four of the sections after executing his will; the sections he still owned at the time of his death were not adeemed. *Id.* at 566. Similarly, the Texas Supreme Court held that a devise of real property "was partially

adeemed" by sales of part of the property after the execution of a will. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 637 (Tex. 2000).

Here, we can ascertain Cora's intent from the will by examining the words chosen. *See id.* In her will Cora stated that all three of her grandchildren would inherit any farm and pastoral land that she owned at the time of her death. *See id.* And, although Cora made the conveyance to Dubose, at the time of her death, she still owned an interest in the mineral estate, which Dubose had re-conveyed to her.[1] *See id.* Because Cora's interest in the mineral estate belonged to, or was part of, the respective land, *see Harris v. Currie*, 142 Tex. 93, 176 S.W.2d 302, 304–05 (1943), when Cora made the conveyance to Dubose and he re-conveyed the mineral interest to her, only that portion of the legacy belonging to Debose was adeemed. *See Rogers*, 385 S.W.2d at 566. And because Cora possessed an interest in the mineral estate at the time of her death, the alienation operated pro tanto. *See id.* Having so concluded, Cora's undivided mineral interest passed equally to Jessie, J.F., and Mary Lee by virtue of paragraph II of her will. Therefore, we conclude that the trial court improperly granted appellees' motion for summary judgment and improperly denied appellants' motion for summary judgment. Accordingly, we sustain appellants' first and second issues.

### IV. MONEY HAD AND RECEIVED

By their third issue, appellants contend that the trial court incorrectly granted appellees' motion for summary judgment for damages on the theory of money had and received. Specifically, appellants argue that because they owned an interest in the subject property, appellees have no interest in the money paid to appellants.

Money had and received, an equitable action, seeks to prevent unjust enrichment when one obtains money, which in equity and good conscience belongs to another. *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.). "A cause of action for money had and received is not based on wrongdoing, but, instead, 'looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another.'" *Id.* (quoting *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)).

Appellees argued to the trial court that appellants were improperly paid royalties because the mineral interest passed to Jessie alone as part of the residuary estate. We have sustained appellants' issues concerning ownership of the mineral estate. Therefore, there is no evidence that appellants improperly received royalty payments on the mineral estate. We sustain appellants' third issue.

### V. CONCLUSION

We reverse the trial court's judgment and render judgment in favor of appellants, concluding that Cora's mineral estate interest passed by virtue of paragraph II to Jessie, J.F., and Mary Lee and their successors in title, which include appellees as Jessie's heirs.[2]

---

1. It is undisputed that the 1448.50 acres of land constituted pastoral and farm land.

2. On appeal, appellants appear to argue that appellees are not entitled to take any interest in Cora's share of the mineral estate because

paragraph III in her will states it is "subject to" paragraph II. Appellants did not make this argument in their motion for partial summary judgment. Instead, appellants recognized that paragraph II devised the mineral estate interest to Jessie, J.F., and Mary Lee.