

**NUMBER 13-19-00511-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE ELIZABETH H. GREEN, FRANK F. HENDERSON JR., WELDON W. DIETZE, JOHN F. DIETZE JR., CAROLINE D. BRADFORD, CHRISTIN N. DIETZE, AND ALEXIS E. DIETZE**

---

**On Petition for Writ of Mandamus.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes
Memorandum Opinion by Justice Longoria[1]**

Relators Elizabeth H. Green, Frank F. Henderson Jr., Weldon W. Dietze, John F. Dietze Jr., Caroline D. Bradford, Christin N. Dietze, and Alexis E. Dietze filed a petition for writ of mandamus seeking to compel the trial court to render an order pertaining to the ownership of real property in compliance with Chapter 22 of the Texas Property Code

---

[1] *See* Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

and the Texas Rules of Civil Procedure. *See, e.g.*, TEX. PROP. CODE ANN. § 22.03 ("A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated."); TEX. R. CIV. P. 804 (governing judgments in trespass to try title cases).[2] Real parties in interest Pat A. Boothe, Michael George Malone, and Sterling Price Boothe have filed a response to the petition for writ of mandamus. These real parties have further requested that we issue sanctions against relators for filing a groundless petition.

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We likewise deny the real

---

[2] This petition for writ of mandamus arises from trial court proceedings held after appeal. *See Boothe v. Green*, 534 S.W.3d 93, 94 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) (reversing and rendering judgment).

2

parties' request that we sanction relators for instituting this original proceeding. *See id.* R. 52.11; *In re Estrada*, 492 S.W.3d 42, 52 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding) ("When deciding a motion for sanctions, we exercise the discretion afforded by Rule 52.11 with prudence and caution and only after careful deliberation."); *see also Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 861 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (combined appeal & orig. proceeding); *In re Lerma*, 144 S.W.3d 21, 26 (Tex. App.—El Paso 2004, orig. proceeding).

NORA L. LONGORIA
Justice

Delivered and filed the
5th day of December, 2019.