COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ROSA MARIA HANASH, | § | |
| | | No. 08-16-00054-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 6 |
| WALTER ANTIQUES, INC. AND | § | |
| NANCY WALTER, INDIVIDUALLY, | | of El Paso County, Texas |
| | § | |
| Appellees. | | (TC# 2012-DCV05940) |
| | § | |

## **O P I N I O N**

Appellant Rosa Maria Hanash, whose underlying suit was dismissed for want of prosecution, appeals from the trial court's order determining that its plenary jurisdiction expired prior to Hanash filing a motion to reinstate. On March 9, 2018, we issued an opinion and judgment affirming the trial court's order. Hanash subsequently filed a motion for rehearing. We hereby deny Hanash's motion for rehearing, withdraw the opinion and judgment issued on March 9, 2018, and substitute the following opinion.

### BACKGROUND

Hanash filed her original petition on September 25, 2012, suing Walter Antiques, Inc., and Nancy Walter, individually, (Appellees), for breach of contract, fraud, conversion, and theft of property. The record reflects that for over two years, no pleadings were filed and the case did not

show any activity. On November 19, 2015, the trial court issued a notice of intent to dismiss for want of prosecution and set a dismissal hearing for December 14, 2015. The court's notice informed the parties that the "Dismissal Hearing" was set as a "Mandatory Hearing," and expressly warned parties that the case would automatically be dismissed upon a failure to appear. The next day, the El Paso County District Clerk's Office sent notice of the hearing to attorneys of record, with the court's dismissal notice attached, in compliance with Rule 165a of the Texas Rules of Civil Procedure. At the dismissal hearing held on December 14, 2015, defendant's counsel appeared, but neither Hanash nor her attorney were present. The trial court signed an order dismissing the case for want of prosecution on that same day. Thereafter, on December 21, 2015, the District Clerk issued a "Rule 306a, Official Notice" informing attorneys for both parties of the trial court's order signed on December 14, 2015.

On January 29, 2016, Hanash's attorney filed a verified motion to reinstate contending that his failure to attend the court's dismissal hearing was not intentional or the result of conscious indifference. The motion explained that counsel was on his way to court but then experienced car trouble. He further asserted that he attempted to appear by telephone but only reached the court's answering machine and left a message explaining his dilemma.

In addition, Hanash's attorney also filed a "verified motion to determine notice or actual knowledge," seeking an evidentiary hearing pursuant to Rule 306a to determine the date on which notice was received, and/or actual knowledge was obtained, of the trial court's dismissal order. In the motion to determine notice or actual knowledge, Hanash's attorney claimed that he left town for the Christmas holiday shortly after December 14, 2015, and did not return to his office until

2

January 5, 2016.[1] He claimed that he first learned of the court's dismissal of the case on January 5, 2016, and requested a hearing for the court to determine that January 5, 2016 served as the earliest date that Hanash obtained actual knowledge of the court's order. He asserted that the dismissal notice from the district clerk was not in his office when he returned from vacation, and that neither he nor his client had received notice as required by Rule 306a. In support of his motion, he also included an affidavit from Hanash stating that she resided in Illinois and did not receive notice or have actual knowledge of the dismissal until January 29, 2016.

In a combined pleading, Appellees' counsel filed a verified response to both motions arguing that the trial court's plenary jurisdiction had expired as of January 14, 2016. Appellees contended that the record supported a finding that Hanash's attorney had received notice of a mandatory dismissal hearing, knew of his own failure to appear, and subsequently, the district clerk timely mailed notice of the court's order. Appellees requested the court to take judicial notice of the court's file and attached as exhibits the clerk's notice dated December 21, 2015, and the registry of the trial court's file. Appellees' counsel also disclosed to the court that Hanash's attorney telephoned him on January 5, 2016, the day he returned from his vacation, to discuss the possibility of filing a motion to reinstate and completion of discovery, but omitted any statement in their conversation about not receiving the clerk's notice of the dismissal order.[2]

---

[1] At the hearing, both attorneys provided detailed factual statements to the court with respect to the sequence of events leading up to the filing of the motion to reinstate. We recognize that ordinarily, an attorney's statements during a hearing must be made under oath to be considered evidence, but the opponent of the testimony can waive the oath requirement when the opponent knows or should know that an objection is necessary. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). Here, although neither attorney was sworn before they provided their statements to the trial court, it was clear that their factual statements were intended to be taken as testimony yet neither party objected. Therefore, we accept the statements of both attorneys as constituting evidence with respect to the facts of this case. *See Taylor v. Vela*, No. 01-17-00370-CV, 2018 WL 828224, at *3 (Tex. App.—Houston [1st Dist.] Feb. 13, 2018, no pet.) (mem. op.) (not designated for publication).

[2] In his verified motion, Hanash's attorney confirmed that he telephoned defendant's counsel on January 5, 2016 to

3

On February 11, 2016, the trial court held a hearing on both motions. At the hearing, Hanash's attorney informed the court that he checked the trial court's information system on December 15, 2015, the day after the dismissal hearing, to see if there was an order that was filed, but found none listed. He stated he had been "hopeful" that the court had received his message and decided to reset the case. When he returned to town, on January 5, 2016, he again checked the trial court's information system, and only then learned of the entry of a dismissal order. Consistent with his motion, he also informed the court that the dismissal notice from the district clerk was not in his office when he returned from his vacation. Thus, he asserted that neither he nor his client received notice as required by Rule 306a.

Appellees' counsel asserted that the notice to Hanash's attorney contained a correct mailing address and indicated it was sent on December 21, 2015. He also confirmed that he received notice from the clerk's office in a timely manner on December 23, 2015. Appellees asserted that the record supported a finding by inference that Hanash received the district clerk's notice in a timely manner; thus, the trial court's plenary jurisdiction had expired on January 14, 2016.

At the close of the hearing, the trial court found that counsel for Hanash had admitted he was aware of the dismissal hearing on December 14, 2015, and that the district clerk sent notice of the court's order on December 21, 2015. The trial court subsequently entered a written order dated February 11, 2016, stating its plenary jurisdiction expired on January 14, 2016, or thirty-one (31) days after entry of the Order of Dismissal on December 14, 2015. Hanash timely filed this appeal of the court's order of February 11, 2016.

---

discuss his intent to file a motion to reinstate and to discuss pending discovery issues. Hanash's attorney did not claim in either his motion or at the hearing that he informed Appellees' counsel that he did not receive the clerk's notice.

4

**DISCUSSION**

In a single issue, Hanash argues that the trial court erred by concluding that its plenary jurisdiction expired on January 14, 2016, and therefore it did not have jurisdiction to consider her motion to reinstate. She further argues that the trial court failed to comply with the mandates of Rule 306a because, despite holding an evidentiary hearing on Hanash's motion, the trial court did not expressly determine the date on which she either received notice and/or obtained actual knowledge of the dismissal order. She therefore requests that we remand the matter to the trial court to make such a determination.

*Applicable Law and Standard of Review*

Rules 165a and 306a of the Texas Rules of Civil Procedure govern the timelines and procedures for filing a motion to reinstate a case dismissed for want of prosecution. TEX.R.CIV.P. 165a and 306a. Rule 165a(3) states "[a] motion to reinstate shall . . . be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a." TEX.R.CIV.P. 165a(3). Thus, an adversely affected party generally has thirty days after a dismissal order is signed to file a motion to reinstate before the trial court's plenary jurisdiction expires. *See* TEX.R.CIV.P. 165a(3); *Andrews v. Stanton*, 198 S.W.3d 4, 7 (Tex. App.—El Paso 2006, no pet.) ("A trial court has plenary power to reinstate a case within thirty days of dismissal for want of prosecution."). To ensure notice, Rule 306a provides that after an order is signed, the clerk of the court shall "immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed." TEX.R.CIV.P. 306a(3); *see also* TEX.R.CIV.P. 165a(1) (providing that after a trial court signs an order of dismissal for want of prosecution, the notice of the signing of the order shall be given as provided in Rule 306a).

5

Under Rule 306a(1), the date a judgment or order is signed as shown of record determines the beginning of the periods prescribed for the trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order, and for filing of other documents including motions for new trial, motions to modify judgment, and motions to reinstate a case dismissed for want of prosecution. *See* TEX.R.CIV.P. 306a(1). Providing an exception to Rule 306a(1), however, Rule 306a(4) states that if a party adversely affected by the judgment or order has neither received the clerk's notice nor acquired actual knowledge of the judgment or order within twenty days of the signing, then with respect to that party, all periods mentioned in Rule 306a(1) begin on the date that the party or his attorney received the notice or acquired actual knowledge, whichever occurred first, but in no event, the new beginning date cannot be more than ninety days after the original judgment or other appealable order was signed. *See* TEX.R.CIV.P. 306a(4). To invoke Rule 306a(4)'s exception, the party adversely affected is required to prove in the trial court, on sworn motion and notice, (1) the date on which notice was first received, or actual knowledge was obtained, of the signing of the order; and (2) establish that the date proven was more than twenty days after the order was signed. *See* TEX.R.CIV.P. 306a(5); *In re J.S.,* 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.,* 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). If the party invoking the exception satisfies its burden of proof, the date on which the party received notice or acquired actual knowledge of the judgment or appealable order is the new beginning date of the trial court's plenary power, and the deadline for the party to file a verified motion to reinstate is recalculated from this date.

When an adversely affected party files a sworn motion in compliance with the above rule, in which he or she claims to have neither received timely notice of a dismissal order nor acquired

6

actual knowledge of the order, the motion establishes a "prima facie" case that the adversely affected party lacked timely notice. TEX.R.CIV.P. 306a(4); *In re Lynd*, 195 S.W.3d 682, 685 (Tex. 2006). The motion reinvokes the trial court's plenary jurisdiction for the limited purpose of allowing the trial court to conduct a hearing to determine the date the party or his or her attorney received notice or actual knowledge of the order. *Id.* Unless the party establishes at the hearing that notice was not received or that he or she had no knowledge of the order, the beginning of the period of the trial court's plenary jurisdiction is not re-set and plenary jurisdiction expires thirty days after the court signs its order. *See Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365–66 (Tex. 1987).

We review the trial court's findings of the date a party received notice of an order by the well-known standards of legal and factual sufficiency of the evidence. *Nathan A. Watson Co.*, 218 S.W.3d at 800–01 (citing *Dishner v. Huitt–Zollars, Inc.*, 162 S.W.3d 370, 378 (Tex. App.— Dallas 2005, no pet.). Under Rule 306a(4) and (5), Hanash carried the burden to prove that neither she nor her attorney received notice or acquired actual knowledge of the dismissal order within twenty days of its signing.

When a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 690 (Tex. 1989). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner*, 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* Second, if there is no evidence to support

7

the adverse finding, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.* The issue will not be sustained unless the contrary position is conclusively established. *Id.* As a fact finder, the trial judge weighs the evidence and judges a witness's credibility, and the judge may accept or reject any witness's testimony in whole or in part. *Nathan A. Watson Co.*, 218 S.W.3d at 800-01.

When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chemical*, 46 S.W.3d at 242. We must consider and weigh all of the evidence, and the trial court's ruling can be set aside only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

### *Application*

As a preliminary matter, we recognize that Hanash's attorney's verified motion served as prima facie evidence sufficient to invoke a Rule 306a hearing. As set forth above, the trial court's role at that hearing was to determine the date on which Hanash or her attorney received notice, or alternatively, obtained actual knowledge, of the dismissal order of the trial court. Contrary to Hanash's argument, however, the trial court need not expressly state its finding in its written order. As the Texas Supreme Court recognized, when a trial court fails to specifically find the date of notice, the finding may be implied from the trial court's judgment, unless there is no evidence supporting the implied finding or the party challenging the judgment establishes as a matter of law an alternate notice date. *In re Lynd Co.*, 195 S.W.3d at 686 (citing *Abrams v. Jones,* 35 S.W.3d 620, 627 (Tex. 2000) (the legal sufficiency of implied findings may be challenged on appeal); *see*

8

*also Powell v. McCauley,* 126 S.W.3d 158, 161–62 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (if the trial court fails to make a written finding of the date the complaining party received notice of judgment, a reviewing court may imply the finding)).   In reaching this conclusion, the Supreme Court noted that, unlike the parallel appellate rule, or Texas Rule of Appellate Procedure 4.2, Rule 306a does not expressly require the trial court to issue a signed order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that an order was signed.   *Id.*; *compare* TEX.R.APP.P. 4.2(c) *with* TEX.R.CIV.P. 306a(5).   Although *Lynd* noted it would be preferable for the trial court to do so, and suggested it would be incumbent upon the parties to make such a request to "help circumvent disputes," nonetheless an express finding was not a mandatory procedure of a trial court.   *Id.* at 686.

In *Dishner,* the Dallas Court of Appeals reviewed a case with facts similar to those presented here. *Dishner*, 162 S.W.3d at 377–78.   The plaintiff testified that he did not receive timely notice from the clerk that the trial court had signed a judgment dismissing his case, and sought to extend the timetable for filing his motion for new trial pursuant to Rule 306a. *Id.* Despite plaintiff's testimony, the trial court ruled against him finding he had failed to show that he did not receive notice or lacked actual knowledge of the signing of the judgment before the expiration of twenty days from the date of the judgment, and therefore concluded that it lacked jurisdiction to consider his motion for new trial.   *Id.* at 378.   In finding that the record contained sufficient evidence to support the trial court's decision, the Dallas Court of Appeals pointed out that the record contained evidence that a notice was sent by the clerk's office to the attorneys for both parties, that the notice to plaintiff was sent to his correct mailing address, and that the file did not indicate that the mailing had been returned.   *Id.*   Likewise, the Dallas Court also found it

9

significant that the evidence demonstrated that the defendant presented evidence that it received its copy of the signed judgment from the clerk in a timely fashion. *Id.* Noting that the trial court's ruling was based on determinations of credibility, and was supported by "ample evidence," the appellate court declined to substitute its judgment for that of the lower court and affirmed the court's order. *Id.*; *see also Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex. 1998) (stating that court of appeals may not pass upon witnesses' credibility or substitute its judgment for that of fact finder, even if evidence would clearly support different result).

In the present case, we note that after the trial court issued its written order stating it lacked plenary jurisdiction, neither party asked the trial court to clarify or to expressly state the date on which Hanash received notice and/or obtained actual knowledge of the dismissal order. Without an express finding, we must instead determine whether there is sufficient evidence in the record to imply from the trial court's order the relevant date to support its ruling. *See Lynd*, 195 S.W.3d at 686. On this record, we conclude there was sufficient evidence.

As set forth above, the trial court expressly found in its order that its plenary power expired thirty-one days after the court signed its order, i.e., on January 14, 2016. The trial court could not have reached this conclusion unless it believed that the clerk of the court had timely sent the notice of the signing of the dismissal order to Hanash's attorney as required by Rule 306a, and that Hanash's attorney had received the notice in a timely manner. Although not referenced in the trial court's order, Rule 21a of the Texas Rules of Civil Procedure provides that service of a document is complete upon deposit of the document in the mail, and that a party will be allowed three additional days after the document is mailed to take any action required of him.[3] *See*

---

[3] Rule 21a(c) provides that: "Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days

TEX.R.CIV.P. 21a(b)(1), (c).   Here, the record support's the court's finding that the clerk properly sent a Rule 306a notice on December 21, 2015.

On review, we conclude the court's finding was supported by the evidence.   Moreover, the sworn motion filed by Hanash's attorney, while constituting prima facie evidence that he did not receive the clerk's notice in a timely manner, did not alone conclusively establish an alternate notice date extending appellate timelines.   *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Cooper v. Hall,* 489 S.W.2d 409, 415 (Tex. Civ. App.—Amarillo 1972, writ ref'd. n.r.e.) (denial of receipt is not conclusive and merely presents a fact issue for the fact finder)).

Once Hanash's attorney filed his sworn motion, Appellees' counsel was then entitled to present his own evidence to support his position that either Hanash or her attorney received timely notice from the clerk and/or obtained actual knowledge of the trial court's dismissal order within twenty days after it was signed.   *See Tran v. Hong Kong Dev. Corp.,* No. 01-13-00613-CV, 2014 WL 4219470, at *5 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, pet. denied) (mem. op.) (not designated for publication) (upon the filing of plaintiff's sworn motion that he lacked timely notice of a judgment, it was incumbent upon defendant to adduce evidence corroborating his claim that the plaintiff received notice of judgment); *see also Cont'l Cas. Co. v. Davilla,* 139 S.W.3d 374, 379–80 (Tex. App.—Fort Worth 2004, pet. denied) (stating that once defendant rebuts presumption that notice was received, plaintiff must come forward with corroborating evidence to establish receipt).   Opposing counsel may raise a fact question on the issue by presenting "sworn affidavits or live testimony from someone in clerk's office, or copy of the clerk's notice or return

shall be added to the prescribed period."   TEX.R.CIV.P. 21a(c).

receipt." *Tran*, 2014 WL 4219470, at *5; *see also Phan,* 137 S.W.3d at 768 (plaintiff raised a fact issue regarding notice by calling witnesses from the clerk's office to testify during Rule 306a hearing regarding process of generating notice of default and subsequent mailing procedures to counter defendant's testimony that it did not receive clerk's notice). When the record contains conflicting evidence, as it does here, the trial court must then make a factual finding as it would in other circumstances in dispute. *See Phan*, 137 S.W.3d at 766–68 (recognizing that the question of whether notice was received was ultimately a fact issue for the trial court to resolve); *see generally In re Doe 4,* 19 S.W.3d 322, 325 (Tex. 2000) (as fact finder, the trial court is given great latitude to believe or to disbelieve a witness's testimony, particularly if the witness is interested in the outcome).

Here, Appellees' counsel came forward with evidence that the district clerk sent notices of the trial court's signed order to the attorneys for both parties to their proper mailing addresses on December 21, 2015; further, Hanash's attorney never disputed that his office address listed on the notice was not correct, and in fact, the evidence established conclusively that he had earlier received notice of the dismissal hearing at the same address without issue. Appellees' counsel confirmed that he received his notice from the clerk's office in the mail in a timely manner only two days after it was sent. Lastly, the registry of the clerk's file has no entry reflecting that notice was returned for non-delivery. *See Dishner*, 162 S.W.3d at 378.

On this record, we find that the trial court's implied finding that Hanash's attorney received the clerk's notice in a timely manner turned on credibility issues. Further, Appellees presented evidence that the clerk mailed the notice to Hanash's attorney at the correct address. When we exclude the contrary evidence from consideration, as we must, we find that the evidence supports

the trial court's implied finding that Hanash's attorney received the clerk's notice in a timely manner.   Consequently, Hanash has failed to establish that there is no evidence supporting the adverse finding and her legal sufficiency challenge fails.

Turning to the factual sufficiency challenge, Hanash has not demonstrated that the adverse finding is against the great weight and preponderance of the evidence.   As noted above, there is evidence in the record supporting the trial court's determination that the clerk sent notice to Hanash's attorney and the trial court's ruling turned on counsel's credibility.   We are not free to substitute our view of the evidence for that of the trial court.   After reviewing all of the evidence, we do not find that the evidence is so weak or that the trial court's implied finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.   We therefore decline to substitute our judgment for the trial court's determination of the facts or disturb its determination on appeal.   Hanash's sole issue is overruled.

## CONCLUSION

We affirm the trial court's order dated February 11, 2016.

GINA M. PALAFOX, Justice

June 27, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

13