

**NUMBER 13-20-00235-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**IN RE ALFREDO TOMAS VALLEJO**

---

**On Petition for Writ of Mandamus.**

---

**NUMBER 13-20-00239-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**ALFREDO TOMAS VALLEJO,**                              **Appellant,**

**v.**

**MARIBEL MILAGRO OCAMPO-VALLEJO,**          **Appellee.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus filed in cause number 13-20-00235-CV and by notice of appeal filed in cause number 13-20-00239-CV, Alfredo Tomas Vallejo (Vallejo) seeks to set aside a November 15, 2019 order granting a new trial. We conditionally grant the petition for writ of mandamus in 13-20-00235-CV and we dismiss the appeal in 13-20-00239-CV.

## I. BACKGROUND

This original proceeding and appeal arise from a divorce and child custody proceeding involving Vallejo and Maribel Milagro Ocampo-Vallejo (Maribel). On May 17, 2018, the trial court signed temporary orders. On November 20, 2018, the trial court signed an order allowing Maribel's counsel to withdraw. On March 8, 2019, the trial court set the case for trial on the merits for June 25, 2019. Counsel for Vallejo appeared, but Maribel did not. The trial court reset the case for a trial on the merits on September 17, 2019. Again, counsel for Vallejo appeared, but Maribel did not. After hearing evidence from Vallejo, the trial court signed the final decree of divorce on September 17, 2019.

On November 8, 2019, Maribel filed a verified motion for new trial. She asserted that she did not receive "actual notice of the final trial date in this case" despite Vallejo's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

knowledge of her whereabouts, that this error "was reasonably calculated to cause and probably did cause rendition of an improper judgment," that she had "a meritorious defense to the cause of action alleged in this case," and that Vallejo would not be harmed by granting a new trial.

On November 15, 2019, Vallejo filed a response to the motion for new trial asserting, inter alia, that the trial court lacked plenary power to grant Maribel's motion for new trial. That same day, the trial court held a non-evidentiary hearing on Maribel's motion for new trial. At the hearing, Maribel's counsel argued that she had "temporarily withdrawn" from the case in November 2018, and Maribel failed to receive notice of the final trial date. Counsel asserted that Maribel did not receive notice until "late October, early November, past 30 days after the judgment was signed, that a default judgment had been rendered in favor of dad giving him custody of the children." She asserted that the divorce decree was signed "outside [Maribel's] presence and without her knowledge." The trial court agreed to take judicial notice of the contents of the file "with respect to what the clerk may or may not have done." In response, counsel for Vallejo asserted that Maribel was required to file her motion for new trial within thirty days of the signing of the decree, but did not do so, and the trial court's plenary power had thus expired.

On November 15, 2019, the trial court granted Maribel's motion for new trial. The new trial order does not state a rationale for the ruling and the record does not contain findings or conclusions in support of the trial court's order.

On May 26, 2020, Maribel filed a "First Amended Motion for Enforcement of Temporary Orders for Child Support, Spousal Support, and Attorney's Fees, and Order to Appear." On May 27, 2020, the trial court signed a "First Amended Order for Issuance

3

of Writ of Habeas Corpus for Children," which required Vallejo to produce the parties' three minor children and appear at a hearing to determine whether the children should be returned to Maribel.

On June 5, 2020, Vallejo filed his petition for writ of mandamus in appellate cause number 13-20-00235-CV. Vallejo contends by two issues that (1) the trial court's plenary power had already expired when it signed the order granting a new trial, and (2) alternatively, if the trial court's plenary power had not expired, the trial court abused its discretion by granting the motion for new trial. On June 11, 2020, this Court requested that Maribel, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The Court did not receive a response to the petition for writ of mandamus. Subsequently, the Court has twice attempted to reach counsel for Maribel regarding our request for a response; however, Maribel has neither responded, nor filed a motion for extension of time, nor filed a response to the petition for writ of mandamus.

On June 5, 2020, Vallejo also filed a notice of appeal in cause number 13-20-00239-CV assailing the November 15, 2019 order granting a new trial.

## II. MANDAMUS STANDARD OF REVIEW

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of

4

discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

An order in which the trial court purports to grant a motion for new trial after its plenary power has expired is void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding). When an order is void, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Merino*, 542 S.W.3d 745, 747 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

### III. Void Judgments

A litigant may attack a void judgment either directly or collaterally. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). A judgment is void and subject to collateral attack if there was "a complete failure or lack of service" that violates due process. *PNS Stores, Inc.*, 379 S.W.3d at 274; *see In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012); *In re Merino*, 542 S.W.3d at 747. A collateral attack seeks to avoid the binding effect of a judgment to obtain specific relief that the judgment currently impedes. *PNS Stores, Inc.*, 379 S.W.3d at 272. A party may collaterally attack a void judgment at any time, even after time within which to file a direct attack has expired. *See id.*; *In re Merino*, 542 S.W.3d at 747; *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.]

5

2015, orig. proceeding). In contrast, a direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify, or vacate a judgment and must be brought within a certain time period after the judgment's rendition. *PNS Stores, Inc.*, 379 S.W.3d at 271.

## IV. PLENARY POWER

Under the Texas Rules of Civil Procedure, the date a "judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order." TEX. R. CIV. P. 306a(1); *see N. Burnet Gun Store, LLC v. Tack, Tr. of Harvey Donald Testamentary Family Tr.*, No. 03-20-00010-CV, 2020 WL 3581560, at *1, __ S.W.3d __, __ (Tex. App.—Austin July 1, 2020, no pet. h.). A trial court retains plenary jurisdiction for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d)-(f); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). During this period, the trial court's plenary jurisdiction may be extended by the timely filing of an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e), (g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. A motion for new trial must be filed "prior to or within thirty days after the judgment or other order complained of is signed." TEX. R. CIV. P. 329b(a). Absent a timely-filed motion for a new trial, or a motion to modify, correct, or reform a judgment, the trial court loses its plenary power over its judgment thirty days after the judgment is signed. *See id.* R. 329b(d); *In re Lynd Co.*, 195 S.W.3d 682, 684 (Tex. 2006) (orig. proceeding). In any event, the court's plenary power may not be

extended more than 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310.

### V. NOTICE OF JUDGMENT

Texas Rule of Civil Procedure 306a(3) requires the clerk of the court to provide notice regarding the entry of judgments or appealable orders. *See* TEX. R. CIV. P. 306a(3). The rule states, in relevant part:

> When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

*Id.* Paragraph (1), as referenced in the rule, provides that the deadline for filing postjudgment motions, such as a motion for new trial or motion to reinstate a case, begins to run on the date the judgment is signed. *See id.* R. 306a(1). Paragraph (4) addresses what happens when a party does not immediately receive notice of a judgment. *See id.* R. 306a(4). It provides that, when more than twenty days have passed between the date that the trial court signs the judgment or appealable order and the date that a party receives notice or acquires actual knowledge of the signing, the periods referenced in paragraph (1) will begin on the date the party received notice or acquired actual knowledge of the signing, whichever is earlier, but in no event will the period begin more than ninety days after the judgment was signed. *Id.*; *see Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.); *see also John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (per curiam).

To obtain an extension of postjudgment deadlines under Rule 306a(4), the party must prove in the trial court, on sworn motion and notice: (1) the date the party or her

attorney first either received a notice of the judgment or acquired actual knowledge of the signing; and (2) that this date was more than twenty but fewer than ninety-one days after the judgment was signed. *See* TEX. R. CIV. P. 306a(4),(5); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (per curiam); *In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). The purpose of a sworn motion is to establish a prima facie case of lack of timely notice, thereby invoking the trial court's otherwise-expired jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or the party's counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d at 685; *Jarrell v. Bergdorf*, 580 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re Estrada*, 492 S.W.3d 42, 50 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding); *In re J.S.*, 392 S.W.3d at 337. Compliance with the provisions of Rule 306a(5) is a jurisdictional prerequisite to extending the time to file postjudgment motions. *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) *In re Estrada*, 492 S.W.3d at 50; *In re J.S.*, 392 S.W.3d at 337.

Unless a party establishes, on sworn motion, in the manner prescribed by Rule 306a(5), that he or she had no notice or knowledge of the judgment within the period covered by Rule 306a(4), the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment expires thirty days after entry of judgment. *Gillis*, 741 S.W.2d at 365; *see Hanash v. Walter Antiques, Inc.*, 551 S.W.3d 920, 925 (Tex. App.—El Paso 2018, pet. denied) ("Unless the party establishes at the hearing that notice was not received or that he or she had no knowledge of the order, the

beginning of the period of the trial court's plenary jurisdiction is not re-set and plenary jurisdiction expires thirty days after the court signs its order.").

## VI. ANALYSIS

As stated previously, in her motion for new trial, Maribel argued that she lacked timely notice "of the final trial date in this case." In contrast, Vallejo contends that Maribel did not timely file her motion for new trial and that the trial court lacked plenary jurisdiction to grant Maribel's motion for new trial.

Here, the trial court signed the final decree of divorce on September 17, 2019. Maribel's motion for new trial was due within thirty days, or by October 17, 2019. *See* TEX. R. CIV. P. 329b(a). Maribel did not file her motion for new trial until November 8, 2019, after the deadline imposed by the rules of civil procedure. *See id.* Maribel did not file a motion under Rule 306a(5) to extend the deadline. And, even if we are to consider her motion for new trial as a Rule 306a(5) motion, it failed to satisfy the requirements of Rule 306a(5). *See id.* R. 306a(5). Maribel's motion for new trial is verified insofar as she states under oath that "[t]he statement contained in paragraph 2 in the motion is within my personal knowledge and is true and correct." Paragraph 2 of the motion for new trial states: "A new trial should be granted to [Maribel] as [she] did not receive actual notice of the final trial date in this case despite [Vallejo] having personal knowledge of [Maribel's] whereabouts." Maribel's verification refers to her receipt of notice regarding the "final trial date" rather than notice of the judgment or actual knowledge of the judgment's signing, and it fails to establish the date on which she received notice of the judgment or actual notice of the signing. *See id.* Stated otherwise, Maribel's verification is insufficient to establish (1) the date that she first received either notice of the judgment or actual

knowledge of the signing; and (2) that this date was more than twenty but fewer than ninety-one days after the judgment was signed. *See* TEX. R. CIV. P. 306a(5); *Estate of Howley*, 878 S.W.2d at 140; *In re J.S.*, 392 S.W.3d at 337. The verified motion neither establishes when Maribel received notice of the judgment nor did it establish an alternate notice date extending appellate timelines. *See Hanash*, 551 S.W.3d at 927.

Because the judgment was signed on September 17, 2019, and Maribel did not timely file her motion for new trial, the trial court's plenary power expired on October 17, 2019. *See* TEX. R. CIV. P. 329b(d). This is true regardless of whether Maribel received actual, timely notice of the final trial date. The trial court's plenary power to grant a new trial or to modify, correct, or reform the judgment having expired, the motion for new trial filed on November 8, 2019 was untimely, and the order granting the motion for new trial, signed November 15, 2019, is void, as are the trial court's subsequent orders. *See In re Brookshire Grocery Co.*, 250 S.W.3d at 72. Accordingly, Vallejo need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *See In re Vaishangi, Inc.*, 442 S.W.3d at 261; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Merino*, 542 S.W.3d at 747.

We sustain Vallejo's first issue in his petition for writ of mandamus in cause number 13-20-00235-CV, and having done so, need not address his remaining issue in that cause. *See* TEX. R. APP. P. 47.4. Having addressed Vallejo's complaints in his petition for writ of mandamus, we dismiss Vallejo's appeal in cause number 13-20-00235-CV without reference to the merits.[2]

---

[2] We note that an order granting a new trial in civil cases is ordinarily an unappealable, interlocutory order. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam); *In re J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.). Further, the notice of appeal must be filed within thirty days after the judgment or other

10

## VII. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Vallejo has met his burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to promptly vacate its November 15, 2019 order granting a new trial and subsequent orders. Our writ will issue only if the trial court fails to comply. We dismiss the appeal in cause number 13-20-00239-CV.

GINA M. BENAVIDES
Justice

Delivered and filed the
20th day of August, 2020.

---

appealable order is signed or within ninety days if the appellant timely files an appropriate post-judgment motion or pleading. *See* Tex. R. App. P. 26.1. Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, appellate courts do not have jurisdiction over an appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).