

# NUMBER 13-26-00135-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**STELLAR VIRTUAL TEXAS,**                                                              **Appellant,**

**v.**

**SANDRA AGUILAR,**                                                                          **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

Appellant Stellar Virtual Texas[1] (Stellar) attempts to appeal an order denying its

plea to the jurisdiction, Texas Rule of Civil Procedure 91a motion to dismiss, and motion

---

[1] In its notice of appeal, Stellar explained that "Stellar Virtual Texas is the assumed name of Omni Group Texas, LLC."

for summary judgment entered in trial court cause number CL-25-0254-A. *See* Tᴇx. R. Cɪᴠ. P. 91a, 166a. Upon review of the documents before this Court, it appears that the order upon which the appeal was taken was not a final appealable order. We dismiss the appeal for want of jurisdiction.

## I.    BACKGROUND

Stellar is a "high-quality virtual school" and appellee Sandra Aguilar was a special education teacher for the school. On January 21, 2025, Aguilar filed her original petition asserting that she was "illegally terminated" by Stellar based on her national origin and/or race, gender, and/or due to retaliation. She also alleged that "[t]he conduct of Allan Crosby with [Stellar's] Human Resources [Department] was discriminatory and/or retaliatory." She pleaded the following:

> [Aguilar] is (1) qualified for her position as a [s]pecial [e]ducation [t]eacher as she has the educational qualifications for the position; (2) [Aguilar] was subjected to an adverse employment action and; (3) [Aguilar] was either (a) replaced by someone outside the protected class, or (b) treated less favorably than a similarly-situated employee who was outside the protected class, or (c) otherwise subjected to an adverse employment action because of her protected characteristic.

Aguilar claimed that Stellar violated the Texas Commission on Human Rights Act (TCHRA) and sought actual damages, attorney's fees, and exemplary damages. On April 17, 2025, she filed an amended petition to include claims for "sex discrimination, harassment[,] and retaliation as well [as] race and national origin discrimination" under Title VII and the Texas Labor Code. *See* Tᴇx. Lᴀʙ. Cᴏᴅᴇ ch. 21. Aguilar also included a race and national origin claim under 42 U.S.C. § 1981. *See* 42 U.S.C. § 1981.

On July 8, 2025, Stellar filed an amended answer, plea to the jurisdiction, Rule 91a motion to dismiss, and motion for summary judgment. Stellar generally denied all of

2

Aguilar's allegations and asserted multiple defenses including statute of limitations; failure to exhaust administrative remedies; that its conduct was "lawful and justified"; and that its decisions "were for legitimate, non-discriminatory[,] and non-retaliatory reasons." In its plea, Stellar asserted that the trial court lacked subject-matter jurisdiction based on its various defenses. Stellar requested that the trial court dismiss Aguilar's lawsuit due to her "failure to exhaust her administrative remedies" and "failure to file and effectively serve her lawsuit." Stellar additionally sought dismissal based on her lawsuit "being time-barred by the relevant statute of limitation[s]," and "because she d[id] not allege that her race was a 'but-for cause' of her termination." Stellar also stated that "none of her causes of action have any basis in law." After a hearing, the trial court denied Stellar's plea to the jurisdiction, Rule 91a motion to dismiss, and motion for summary judgment. This appeal followed.

## II.    APPELLATE JURISDICTION

On February 5, 2026, Stellar filed its "Notice of Accelerated Interlocutory Appeal" attempting to appeal the trial court's order.[2] On March 9, 2026, the Clerk of the Court notified Stellar that upon further review of the documents before the Court, it appeared the order it was attempting to appeal was unappealable. The Clerk also notified Stellar that the appeal would be dismissed if the defect was not corrected within ten days from the date of the Court's directive. *See* TEX. R. APP. P. 42.3.(a), (c). On March 19, 2026, Stellar filed a response to the defect notice explaining that it "filed a Petition for Writ of

---

[2] Stellar also filed a Petition for Writ of Mandamus with this Court on March 6, 2026. We issued a memorandum opinion declining to grant mandamus relief on April 14, 2026. *In re Stellar Virtual Tex.*, No. 13-26-00202-CV, 2026 WL 1017728, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 14, 2026) (orig. proceeding).

Mandamus on March 6, 2026" and that "[a] copy of the Petition for Writ of Mandamus . . . is attached" without any further explanation concerning the defect in the trial court's order.

No party asserts that this Court lacks appellate jurisdiction. However, we must review sua sponte issues affecting our appellate jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018). Thus, we address whether we have appellate jurisdiction to review the trial court's January 21, 2026 order.

In general, we only have jurisdiction over appeals from final judgments. *City of Houston v. Est. of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."); *see also In re Estrada*, 492 S.W.3d 42, 46 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) ("It is a well-established rule in Texas that if a judgment rendered . . . does not dispose of the entire controversy, it is interlocutory in nature and not a final judgment from which an appeal will lie."). However, a party may appeal from certain interlocutory orders if specifically authorized by statute.

Here, the order is interlocutory as it does not dispose of all parties and claims. *See Lehmann*, 39 S.W.3d at 205; *see also In re Estrada*, 492 S.W.3d at 46. Moreover, there is no final judgment in the record before us. *See Est. of Jones*, 388 S.W.3d at 666. Accordingly, whether we have jurisdiction over the trial court's order is determined by whether there is a statute granting authority to appeal. We have scoured the appellate

4

record and have found nothing that could support a statutory basis for interlocutory appeal of the trial court's order. *See id.*[3] Stellar has not offered and the record fails to reflect any other basis for appellate jurisdiction.[4] Accordingly, we lack jurisdiction over Stellar's appeal from the trial court's order denying its plea to the jurisdiction, Rule 91a motion to dismiss, and motion for summary judgment.

### III. CONCLUSION

Having determined that the trial court's January 21, 2026 order is not subject to an interlocutory appeal, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

CLARISSA SILVA
Justice

Delivered and filed on the
14th day of May, 2026.

---

[3] Notably, Stellar conceded that it "is not a governmental entity, has never claimed to be, and is not asserting sovereign immunity." *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing immediate appeal of interlocutory order denying a plea to the jurisdiction by a governmental unit).

[4] A permissive appeal may also be available "when the trial court issues an order certifying the case for interlocutory review." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 734 (Tex. 2019). Pursuant to Section 51.014(d) of the Texas Civil Practice and Remedies Code, a trial court "may . . . permit an appeal from an order that is not otherwise appealable" when (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d). "Such an appeal is authorized only with the trial court's permission . . . ." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 146 (Tex. 2022). Stellar has not requested permission to file a permissive interlocutory appeal in this case.